UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED BY_____

01 SEP 13 PM 4:33

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

CASE NO.: 01-3841

LANGSTON FITZGERALD,

Plaintiff,

vs.

**CIV-MORENO**

NEW WORLD SYMPHONY, INC.

Defendant.

**MAGISTRATE JUDGE DUBÉ**

_____/

### DEFENDANT NEW WORLD SYMPHONY'S NOTICE OF REMOVAL

Defendant, NEW WORLD SYMPHONY, INC., ("New World Symphony"), by and through its undersigned counsel, pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441(c), and 28 U.S.C. § 1446, hereby files this Notice of Removal to remove to the United States District Court, Southern District of Florida, Miami Division, the cause of action presently pending in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, entitled *Fitzgerald v. New World Symphony, Inc.*, Case No. 01-21122 CA 01 (24). As grounds in support of this Notice of Removal, New World Symphony states as follows.

On or about September 6, 2001, Plaintiff LANGSTON FITZGERALD ("Plaintiff") filed a complaint (the "complaint") against New World Symphony in state court alleging violations of 42 U.S.C. § 1981 and Title IX, 20 U.S.C. §1681. A copy of the complaint and summons which comprises all the process, pleadings, and orders in this case are attached as Composite Exhibit "A" in compliance with 28 U.S.C. § 1446 (a). New World Symphony was served on September 7, 2001, and timely files this Notice of Removal in accordance with 28 U.S.C. § 1446 (b).

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. New World Symphony is entitled to remove this action to this Court in accordance with 28 U.S.C. § 1441 (b). Written notice of the filing of this Notice of Removal is being served on all parties, and a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in compliance with 28 U.S.C. § 1446 (d).

WHEREFORE, the Defendant, New World Symphony, hereby gives notice of removal and petitions this Court for the entry of an Order removing this cause from the Circuit Court for the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 11th of September, 2001 to: **Stewart Lee Karlin, Esquire**, 400 S.E. 8th Street, Ft. Lauderdale, FL 33316.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for Defendant
*New World Symphony, Inc.*

701 Brickell Avenue, Suite 3000
Miami, Florida 33131
Tel.: (305) 374-8500
Fax.: (305) 789-7799

BY: _____
Marilyn Holifield, Esq., FBN: 293482
e-mail: mholifie@hklaw.com
Jorge E. Reynardus Esq., FBN: 154260
e-mail: jreynardus@hklaw.com

MIA1 #1072843 v1

2

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL DISTRICT IN AND FOR MIAMI
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

LANGSTON FITZGERALD,

Case No.: 01-21122 CA 01 (24)

Plaintiff,

v.

**SUMMONS**

NEW WORLD SYMPHONY, INC.,

Defendant.
_____/

To all and Singular the Sheriffs of said State:

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this action on Defendant:     **NEW WORLD SYMPHONY, INC.**

Register Agent: **Mr. Howard Herring, 541 Lincoln Road, Miami Beach, Florida 33139.**

Each defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, Stewart Lee Karlin, Esq., whose address is: 400 Southeast Eight Street, Fort Lauderdale, Florida 33316, within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

WITNESS my hand and seal of this Court on _____ SEP 0 0 2001

As Clerk of the Court

*Martha Moraza* 2259
By:_____
As Deputy Clerk

9/7/01 - 3:20 P.M.  DBL  #599

**EXHIBIT**
Composite A

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL DISTRICT
IN AND FOR DADE COUNTY,
FLORIDA

GENERAL JURISDICTION DIVISION

LANGSTON FITZGERALD,  CASE NO.: 01 - 21122 CA 01 (24)

Plaintiff,

v.  COMPLAINT AND JURY DEMAND

NEW WORLD SYMPHONY
INC.,

Defendant.
_____/

Plaintiff, LANGSTON FITZGERALD (hereinafter "plaintiff") by and through his undersigned counsel, sues the defendant, NEW WORLD SYMPHONY INC. (hereinafter "defendant"), and in support thereof, alleges as follows:

### COUNT I-1981-RACE-TERMINATION

1. This is an action for damages in an amount in excess of Fifteen Thousand ($15,000.00) Dollars.

2. This action seeks declaratory, injunctive and equitable relief; liquidated, compensatory and punitive damages; and costs and attorney's fees for race discrimination and retaliation suffered by plaintiff by defendant subjecting plaintiff to a hostile work environment and discharging him from his employment.

3. This action arises under 42 U.S.C. 1981 and jurisdiction is invoked pursuant to 42 U.S.C. 1343 and 1344. This Court has concurrent jurisdiction over 1981 claims. Venue is proper in that the defendant resides in Dade County and that the conduct complained of occurred within Dade County.

4. The relevant acts complained of herein occurred within Dade County, Florida.

5. Upon information and belief, at all times hereinafter mentioned, defendant is a corporation duly organized in the State of Florida and conducts a significant amount of business in the State of Florida and receives federal, state and local financial assistance.

6. Plaintiff is an African-American and male and was an employee of defendant and a direct beneficiary of federal financial assistance.

7. Plaintiff was invited to become a fellow of the New World Symphony for the 1996-1997 season. Although the fellowship was for one season, plaintiff was advised by Mr. Tilson Thomas, (Artistic Director of defendant), the fellowship could be renewed for one or two more seasons

8. During the first season in 1996-97, plaintiff, a violinist, experienced great success in his fellowship training with the defendant and was groomed by Mr. Thomas to become a soloist.

9. Because of his great success, plaintiff's contract was renewed for the 1997-98 season.

10. Plaintiff began to experience problems with his left arm, which made it difficult for him to play and which required him to take a month off.

11. Subsequently, plaintiff requested additional time off to prepare for the "Young Artist Audition" being held in New York in December, 1997, for which he was selected for by Mr. Thomas.

12. Upon his return in December, 1997, plaintiff began to experience racial and sexual harassment from Mr. Thomas and other fellows in Mr. Thomas's presence at the defendant. On a regular basis, the following slurs were uttered at plaintiff: nigger; he's gay; you're gay; Jimmy when are you going to realize that you are gay; he's bi; you're stupid; you're an idiot; your dumb; you're that dumb; you're that stupid; bum; cheecky monkey; you're blacklisted; Jimmy why don't you go and be a bum, that what you are; Jimmy you need to realize you're a homo; homo; Jimmy I want you to know you're a homo; Jimmy you need to come out; You better get a gun; are you

2

going to go home to the boys; at least we know he's gay; he's our nigger; she didn't love you, she liked your dick; and numerous other comments.

13. As a result of the barrage or slurs uttered at plaintiff, and in accordance with the policy of the defendant, plaintiff reported the racial and sexual harassment by Mr. Thomas and other fellows to the manager of the orchestra/personnel director, Ms. Marjorie Chebotariov, and the Dean of Fellows, Ms. Pat Noll, in 1997.

14. More specifically, plaintiff advised Ms. Noll and Ms. Chebotariov that Mr. Thomas was calling plaintiff gay and nigger and Ms. Noll responded that she had no knowledge of the incidents but would look into it.

15. Despite plaintiff following the EEO policy of defendant and bringing the foregoing conduct to the attention of senior management, the racial and sexual harassment continued and in fact got worse.

16. Upon information and belief, no bona fide investigation concerning plaintiff's complaints of discrimination was conducted.

17. These comments were uttered on a regular basis and caused an extraordinary amount of stress. Plaintiff was suffering from profound embarrassment, a loss of self esteem, depression, which was manifested by a sleep disorder.

18. The derogatory comments were to the objective observer as well as plaintiff (subjective) permeated with retaliatory intimidation, ridicule and insult.

19. The conduct directed at plaintiff caused a hostile work environment due to race, gender and retaliation.

20. The foregoing statements and conduct were so pervasive and severe that the hostile work environment altered the terms, conditions and privileges of plaintiff's employment.

21. Thereafter, and as a result of the continued racial and sexual harassment, plaintiff

3

attended another meeting with Ms. Noll, Ms. Chebotariov and Mr. Doug Merilatt. At the meeting he was advised that due to his lateness he could not return to the defendant for the following season (1998-1999).

22. Prior to his complaints of discrimination, the subject of plaintiff's alleged lateness had never been mentioned to him.

23. The reason for plaintiff's termination was pretexual to mask the real reason for his termination to wit race discrimination, gender discrimination and retaliation.

24. Based upon the foregoing, plaintiff was denied equal terms, privileges and conditions of employment which caused his termination by reason of his race, gender and retaliation.

25. As a result of the foregoing conduct by defendant, plaintiff lost wages, salary, suffered, pain and suffering, and employment benefits in excess of fifteen thousand dollars ($15,000.00).

26. That it has been necessary for plaintiff to engage the services of an attorney to file and prosecute this action, and thus also request attorney's fees.

27. Plaintiff has the right to equal contractual benefits as is enjoyed by Caucasian citizens. This right is secured to plaintiff by section 1981 of Title 42 of the United States Code.

28. This refusal deprives plaintiff of his right to make and enforce contracts and receive the full and equal benefit of all laws and proceedings for the security of persons and property, as guaranteed by Section 1981 of Title 42 of the United States Code.

WHEREFORE, plaintiff demands judgment in his favor and against the defendant as follows;

a. That the Court find and declare that he has suffered from acts of discrimination at the hands of the defendant, its agents, servants and employees;

b. That plaintiff be awarded back wages, together with related monetary benefits, had

4

he not been unlawfully terminated;

c. That the Court order such further equitable and injunctive relief as it deems appropriate and necessary to correct the conditions of discrimination complained of herein including re-hiring plaintiff.

d. That defendant pay plaintiff's costs of this suit, together with a reasonable attorney's fees.

e. That defendant pay plaintiff for general damages for pain and suffering and humiliation and special damages incurred as a result of defendant's conduct, and punitive damages to be determined at the time of trial.

f. Any other relief that is just and equitable.

## COUNT II-1981-RETALIATION-TERMINATION

29. Plaintiff repeats each and every allegation contained paragraphs numbered 1 through 23, as if fully set forth at length herein.

30. Plaintiff was terminated for pretexual reasons due to him complaining about the discriminatory treatment.

31. Plaintiff has the right to equal contractual benefits as is enjoyed by Caucasian citizens. This right is secured to plaintiff by section 1981 of Title 42 of the United States Code.

32. This retaliatory conduct deprives plaintiff of his right to make and enforce contracts and receive the full and equal benefit of all laws and proceedings for the security of persons and property, as guaranteed by Section 1981 of Title 42 of the United States Code.

WHEREFORE, plaintiff demands judgment in his favor and against the defendant as follows;

a. That the Court find and declare that he has suffered from acts of retaliation at the hands of the defendant, its agents, servants and employees;

5

b. That plaintiff be awarded back wages, together with related monetary benefits, had he not been unlawfully terminated;

c. That the Court order such further equitable and injunctive relief as it deems appropriate and necessary to correct the conditions of discrimination complained of herein including re-hiring plaintiff.

d. That defendant pay plaintiff's costs of this suit, together with a reasonable attorney's fees.

e. That defendant pay plaintiff for general damages for pain and suffering and humiliation and special damages incurred as a result of defendant's conduct, and punitive damages to be determined at the time of trial.

f. Any other relief that is just and equitable.

## COUNT III-1981-RACE-HOSTILE WORK ENVIRONMENT

29. Plaintiff repeats each and every allegation contained paragraphs numbered 1 through 17, 19, 21, 22, 23, 24, and 25, as if fully set forth at length herein.

30. Plaintiff suffered an adverse employment action to wit, termination.

31. That it has been necessary for plaintiff to engage the services of an attorney to file and prosecute this action, and thus also request attorney's fees.

32. Plaintiff has the right to equal contractual benefits as is enjoyed by Caucasian citizens. This right is secured to plaintiff by section 1981 of Title 42 of the United States Code.

33. This hostile work environment deprives plaintiff of his right to make and enforce contracts and receive the full and equal benefit of all laws and proceedings for the security of persons and property, as guaranteed by Section 1981 of Title 42 of the United States Code.

WHEREFORE, plaintiff demands judgment in his favor and against the defendant as follows;

6

a. That the Court find and declare that he has suffered from acts of discrimination at the hands of the defendant, its agents, servants and employees;

b. That the Court order such further equitable and injunctive relief as it deems appropriate and necessary to correct the conditions of discrimination complained of herein;

c. That defendant pay plaintiff's costs of this suit, together with a reasonable attorney's fees.

d. That defendant pay plaintiff for compensatory damages for pain and suffering and humiliation and special damages incurred as a result of defendant's conduct, and punitive damages to be determined at the time of trial.

e. Any other relief that is just and equitable.

### COUNT IV-TITLE IX-GENDER-HOSTILE WORK ENVIRONMENT

34. Plaintiff repeats each and every allegation contained paragraphs numbered 1 through 17, 19, 21, 22, 23, 24, and 25, as if fully set forth at length herein.

35. This hostile work environment deprives plaintiff of his rights under 20 U.S.C. 1681 on the basis of sex to wit participation in an activity which receives federal financial assistance.

WHEREFORE, plaintiff demands judgment in his favor and against the defendant as follows;

a. That the Court find and declare that he has suffered from acts of discrimination at the hands of the defendant, its agents, servants and employees;

b. That the Court order such further equitable and injunctive relief as it deems appropriate and necessary to correct the conditions of discrimination complained of herein;

c. That defendant pay plaintiff's costs of this suit, together with a reasonable attorney's fees.

d. That defendant pay plaintiff for compensatory damages for pain and suffering and

7

humiliation and special damages incurred as a result of defendant's conduct, and punitive damages to be determined at the time of trial.

    e.    Any other relief that is just and equitable.

### COUNT V-TITLE IX-RETALIATION-TERMINATION

29. Plaintiff repeats each and every allegation contained paragraphs numbered 1 through 23, as if fully set forth at length herein.

30. Plaintiff was terminated for pre-textual reasons due to him complaining about the discriminatory treatment.

31. Plaintiff has been deprived of his rights under 20 U.S.C. 1681 on the basis of retaliation to wit participation in an activity which receives federal financial assistance.

WHEREFORE, plaintiff demands judgment in his favor and against the defendant as follows;

    a.    That the Court find and declare that he has suffered from acts of retaliation at the hands of the defendant, its agents, servants and employees;

    b.    That plaintiff be awarded back wages, together with related monetary benefits, had he not been unlawfully terminated;

    c.    That the Court order such further equitable and injunctive relief as it deems appropriate and necessary to correct the conditions of discrimination complained of herein including re-hiring plaintiff.

    d.    That defendant pay plaintiff's costs of this suit, together with a reasonable attorney's fees.

    e.    That defendant pay plaintiff for general damages for pain and suffering and humiliation and special damages incurred as a result of defendant's conduct, and punitive damages

f.  Any other relief that is just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a trial by jury on all issues so triable as a matter of right.

Dated: Fort Lauderdale, Florida
August 16, 2001

STEWART LEE KARLIN, ESQ.
Attorney for Plaintiff
400 S.E. 8th Street
Fort Lauderdale, Florida 33316
(954) 462-1201

Florida Bar No.: 961159

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

01-3841

## I(a) PLAINTIFFS
LANGSTON FITZGERALD

## DEFENDANTS
NEW WORLD SYMPHONY, INC.

CIV-MORENO

MAGISTRATE JUDGE

### (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Palm Beach County
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT – foreign corporation
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

### (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Stewart Lee Karlin, Esq.
400 S.E. 8th Street
Fort Lauderdale, FL 33316

ATTORNEYS (IF KNOWN)
Marilyn Holifield, Esq.
Jorge E. Reynardus, Esq.
Holland & Knight LLP
701 Brickell Avenue
Miami, Florida 33131
Tel: (305) 374-8500

A:Docke1:01CV3841/FAM/Dube

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. GOVERNMENT NOT A PARTY)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. §1981 and 20 U.S.C. §1681) Plaintiff brings a racial/gender discrimination claim alleging his employment was terminated by Defendant.

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademarks | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 864 SSID title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | [x] 440 Other Civil Rights | ☐ 550 Other | | ☐ 871 IRS – Third party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded From Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgement

## V. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23
DEMAND $
Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES [x] NO

## VII. RELATED CASE(S) IF ANY (See instructions):
Judge _____ Docket Number _____

Date 9·13·2001
SIGNATURE OF ATTORNEY OF RECORD

United States District Court

Rept # 849241  $150 —